CRAWFORD *v.* BYRNES.

CERTIORARI—JUSTICE'S JUDGMENT—REVIEW IN CIRCUIT COURT.
The office of the writ of *certiorari* is to try questions of law; and the circuit court, therefore, has no authority, on *certiorari* to a justice of the peace, to reverse a judgment which is supported by competent testimony, merely because it arrives at a different conclusion upon the facts.

Error to Shiawassee; Smith, J. Submitted April 7, 1897. Decided May 11, 1897.

*Assumpsit* by Robert D. Crawford against Daniel Byrnes for commissions on the sale of lands. From a judgment for plaintiff, defendant brings error. Reversed.

Plaintiff brought suit in justice's court to recover a commission on the sale of defendant's farm. Trial was had by the justice without a jury, and judgment rendered against the plaintiff, who took the case to the circuit court by the writ of *certiorari*, claiming that the justice, upon the proofs, should have rendered judgment for him for $100, the amount of his claim. The circuit court reversed

the judgment, and rendered one for the plaintiff. The sole question is, do the proofs support the judgment?

*Selden S. Miner*, for appellant.

*Lyon & Hadsall*, for appellee.

GRANT, J. (*after stating the facts*). The office of the writ of *certiorari* is to try questions of law. *McGraw* v. *Schwab*, 23 Mich. 13. Where there is any testimony to support the judgment, the appellate court will not review it. Plaintiff gave testimony tending to show that defendant offered him $100 if he would sell his farm for $4,500; that, soon after, plaintiff took a man named Martin to see it, and that, several months afterwards, defendant sold it to Martin's wife for $4,000. Defendant admitted that he offered plaintiff $100 if he would find a purchaser at $4,500, but testified that all plaintiff did was to bring Martin there to see the place; that Martin was a stranger to him, and that, when he went again to see the place, he did not know that he was the man who had been there with plaintiff; and that he finally sold to Martin's wife for $4,000. Martin was a witness for plaintiff, and testified that he did not intend to buy the farm at $4,500, and should not have again gone to look at it if he had not heard that defendant had offered it for $4,000; that defendant did not know witness; that plaintiff demanded a commission from witness, and that he denied buying the farm under any supervision from plaintiff. It is unnecessary to further state the testimony. The conclusion was for the trial court, and will not be reviewed on *certiorari.*

Judgment reversed, and the judgment of the justice's court affirmed, with the costs of all the courts.

The other Justices concurred.